Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, *Of Counsel*
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| TIFFANY REYNOLDS,<br><br>      Plaintiff,<br><br>      v.<br><br>PRINCETON PROPERTY MANAGEMENT, INC., a domestic business corporation; FREDDY LUNT, an individual,<br><br>      Defendants.<br>_____ | Case No.<br><br>**COMPLAINT**<br><br>**Claims for Disability Discrimination, related Retaliation and Failure to Provide Reasonable Accommodations for Disability, under the Americans with Disabilities Act (ADA) and Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 USC §§ 12101, et seq.; Family Leave Interference, and related Discrimination and Retaliation, under the Family and Medical Leave Act of 1993 (FMLA), 29 USC §§ 2601, et seq.; State law claims for Disability Discrimination, related Retaliation and Failure to Provide Reasonable Accommodations for Disability; Family Leave Interference, and related Discrimination and Retaliation, under the Oregon Family Leave Act (OFLA), ORS 659A.003, et seq.; ORS 659A.030; ORS 659A.103, et seq.; ORS 659A.150, et seq.** |

Page 1 of 16– COMPLAINT

**(Demand for Jury Trial)**

Plaintiff alleges:

PRELIMINARY STATEMENT

1.

Plaintiff Tiffany Reynolds (hereinafter referred to as "plaintiff") asserts claims for disability discrimination, related retaliation and failure to provide reasonable accommodation for disability, under the Americans with Disabilities Act of 1990, 42 USC § 12101, et seq., as amended by the Americans with Disabilities Amendments Act of 2008 (hereinafter collectively referred to as "the ADA") and state law, ORS 659A.003, et seq., ORS 659A.030, ORS 659A.103, et seq.  Plaintiff asserts claims for family leave interference, and related discrimination and retaliation, under the Family and Medical Leave Act of 1993 (hereinafter referred to as "FMLA"), 29 USC §§ 2601, et seq., the Oregon Family Leave Act (hereinafter referred to as "OFLA") and additional state law, ORS 659A.003, et seq., ORS 659A.030, ORS 659A.150, et seq.  Plaintiff demands a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 USC § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.  Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Article III of the United States Constitution.

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving rise to this complaint occurred in Multnomah County, Oregon. Defendant Princeton Property Management, Inc. (hereinafter referred to as "defendant") is a domestic business corporation with its corporate office located in Multnomah County, Oregon.

4.

At all times relevant, defendant employed plaintiff at its corporate office in Portland, Oregon, located in Multnomah County, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Multnomah County.

## FACTUAL ALLEGATIONS

5.

During the term of plaintiff's employment, defendant employed 50 or more individuals for each working day during each of 20 or more calendar workweeks during the current or previous calendar years in a 75 mile radius in the State of Oregon. Defendant is an employer subject to the requirements of the FMLA and OFLA, and plaintiff was an eligible employee entitled to the protections of each Act.

6.

Defendant is a corporation engaged in the business of property management. Defendant is an employer subject to the requirements of the ADA and Oregon state disability law, and plaintiff was an eligible employee entitled to the protections of the ADA and state disability law.

Page 3 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

7.

Plaintiff has been receiving medical treatment for depression, stress and/or anxiety for a period of approximately twenty years.  These conditions constitute a mental impairment that substantially limits one or more of plaintiff's major life activities, including, but not necessarily limited to, concentrating, thinking, communicating and working.  Plaintiff's depression, stress and/or anxiety constitute a disability.  Plaintiff is a qualified individual with a disability under the ADA and state law.

8.

Defendant hired plaintiff in or around May, 1999, to work as an administrative assistant. Plaintiff received numerous promotions during the course of her employment and, in or around 2011, was promoted to Chief Financial Officer ("CFO").  Plaintiff held this title for the remainder of her employment.  Over the course of her employment with defendant, plaintiff regularly and customarily worked an average of more than 25 hours per week, more than 1250 hours in the year preceding her need for leave under FMLA, and was hence an eligible employee pursuant to FMLA and OFLA.

9.

Pursuant to her job duties, plaintiff worked alongside Freddy Lunt (heretofore referred to as "Lunt"), defendant's Chief Executive Officer ("CEO").  Plaintiff and Lunt had numerous conversations regarding plaintiff's depression, stress and/or anxiety, and how plaintiff's job duties exacerbated those conditions.  In or around January, 2015, plaintiff informed Lunt that she (plaintiff) was "coming off of" an anti-depressant medication and at times may appear emotional or irritable as a result.

/ / /

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

10.

In or around June, 2015, plaintiff and Lunt had a work-related interaction. For approximately the next week, the two did not interact much with one another. On or around June 15, 2015, Lunt approached plaintiff and told her that she (Lunt) was "so pissed off" at plaintiff she "couldn't even look" at her. Plaintiff and Lunt had several conversations that day relating to plaintiff's employment. Plaintiff told Lunt that she was under a great deal of stress, and could not currently handle it in an appropriate manner. Lunt asked plaintiff if she was looking for another job and plaintiff assured her she was not. Plaintiff assured Lunt she wasn't going to resign.

11.

The following day, on or around June 16, 2015, plaintiff notified Lunt in an e-mail that she was taking the day off from work for "mental health" reasons, and would be making related medical appointments with the hope of seeing a medical professional that day. Lunt e-mailed plaintiff back, and assured her it was "no problem." Upon information and belief, this was the first time plaintiff took leave from work due to her mental impairment medical conditions.

12.

Later that day, Lunt e-mailed plaintiff back and terminated her employment. In her e-mail, Lunt cited the previous day's conversation as a reason for her decision to terminate plaintiff. Lunt further alleged that plaintiff was not as committed to her position as she had once been.

13.

At no time during plaintiff's employment did defendant engage in a meaningful interactive process with plaintiff to determine an appropriate accommodation for her disability.

Page 5 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

14.

At all times during her employment plaintiff was capable of performing the essential functions of her position, with reasonable accommodation.

## FIRST CLAIM – VIOLATIONS OF ADA

### Plaintiff Against Princeton Property Management

**(Count 1 – Disability Discrimination)**

15.

Plaintiff incorporates and re-alleges paragraphs 1 through 14 by this reference.  Pursuant to 42 USC §12112(a): "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

The term disability means, with respect to an individual-

"(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment."

42 USC §12102(1).

16.

 Defendant willfully violated this statute when it discriminated against plaintiff on the basis of her disability, discharged her on that basis, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

/ /

Page 6 of 16– COMPLAINT

17.

As a result of defendant's discrimination, plaintiff has suffered non-economic economic damages in an amount to be determined at the time of trial.  Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205.

**(Count 2 – Disability-Related Retaliation)**

18.

Plaintiff incorporates and re-alleges paragraphs 1 through 17 by this reference.  Pursuant to 42 USC §12203, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

19.

Defendant willfully violated this statute when it discriminated against plaintiff because plaintiff engaged in protected conduct pursuant to the ADA, discharged her on that basis, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

20.

As a result of defendant's retaliation, plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial.  Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205.

/ /

Page 7 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

### (Count 3 – Failure to Provide Reasonable Accommodations)

21.

Plaintiff incorporates and re-alleges paragraphs 1 through 20 by this reference.  Pursuant to 42 USC §12112(b): "As used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes—

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant."

22.

Defendant willfully violated this statute when it failed to engage in a meaningful interactive process with plaintiff to determine an appropriate accommodation for her disability, failed to provide plaintiff with a reasonable accommodation for her disability, discharged her on the basis of her disability and/or protected conduct, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

23.

As a result of defendant's failure to provide a reasonable accommodation, plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial.

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205.

## SECOND CLAIM – VIOLATION OF STATE DISABILITY LAWS

### Plaintiff Against Princeton Property Management

**(Count 1 – Disability Discrimination)**

24.

Plaintiff incorporates and re-alleges paragraphs 1 through 23 by this reference.  Pursuant to ORS 659A.112(1), "It is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability."  For the purposes of ORS 659A.103 – ORS 659A.145, an individual has a disability if she:

1) has a physical or mental impairment that substantially limits one or more major life activities of the individual;

2) has a record of having a physical or mental impairment that substantially limits one or more major life activities of the individual; or

3) is regarded as having a physical or mental impairment that substantially limits one or more major life activities of the individual.

ORS 659A.104(1)(a) – (c).

25.

Defendant willfully violated this statute when it discriminated against plaintiff on the basis of her disability, discharged her on that basis, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

/ /

Page 9 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

26.

As a result of defendant's disability discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**Plaintiff Against Freddy Lunt**

**(Count 2 – Aiding and Abetting Disability Discrimination)**

27.

Plaintiff incorporates and re-alleges paragraphs 1 through 26 by this reference. Pursuant to ORS 659A.030(1)(g), "It is an unlawful employment practice [f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [Chapter 659A] or to attempt to do so." Such acts prohibited under this chapter include discrimination on the basis of disability. ORS 659A.112(1).

28.

Lunt willfully violated this statute when she aided and abetted Princeton Property Management in its discrimination based on disability, by exercising her hiring and firing power to terminate plaintiff's employment.

29.

Lunt directly benefited as a result of aiding and abetting Princeton Property Management's disability discrimination due to her position within the business as CEO. Plaintiff, therefore, requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be

Page 10 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**Plaintiff Against Princeton Property Management**

**(Count 3 – Disability-Related Retaliation)**

30.

Plaintiff incorporates and re-alleges paragraphs 1 through 29 by this reference.  Pursuant to ORS 659A.109, "It is an unlawful employment practice for an employer to discriminate against an individual with respect to hire or tenure or any term or condition of employment because the individual has applied for benefits or invoked or used the procedures provided for in ORS 659A.103 to 659A.145 or has given testimony under the provisions of ORS 659A.103 to 659A.145.

31.

Defendant willfully violated this statute when it discriminated against plaintiff because plaintiff engaged in protected conduct pursuant to the ADA and/or state disability law, discharged her on that basis, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

32.

As a result of defendant's disability-related retaliation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.  Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**Plaintiff Against Princeton Property Management**

**(Count 4 – Failure to Provide Reasonable Accommodation)**

33.

Plaintiff incorporates and re-alleges paragraphs 1 through 32 by this reference. Pursuant to ORS 659A.112, an employer commits disability discrimination when "the employer does not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." ORS 659A.112(2)€.

34.

Defendant willfully violated this statute when it failed to engage in a meaningful interactive process with plaintiff to determine an appropriate accommodation for her disability, failed to provide plaintiff with a reasonable accommodation for her disability, discharged her on the basis of her disability and/or protected conduct, and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

35.

As a result of defendant's disability failure to provide a reasonable accommodation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

/ /

/ /

Page 12 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

## THIRD CLAIM – VIOLATIONS OF FMLA

### Plaintiff Against Princeton Property Management

**(Count 1 – Interference with Family Leave Rights)**

36.

Plaintiff incorporates and re-alleges paragraphs 1 through 35 by this reference. Pursuant to 29 USC §2615(a)(1), "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." Defendant willfully violated this statute when it interfered with, restrained, and/or denied plaintiff the ability to exercise her family leave rights pursuant to FMLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

37.

Pursuant to 29 USC § 2617, plaintiff is entitled to her unpaid wages and/or benefits, and actual monetary loss due to defendant's violations, all in an amount to be determined at trial. Pursuant that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

**(Count 2 – Discrimination and Retaliation relating to Exercise of Family Leave Rights)**

38.

Plaintiff incorporates and re-alleges paragraphs 1 through 37 by this reference. Pursuant to 29 USC §2615(a)(2), "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." Pursuant to 29 USC §2615(b), "It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; or (2) has given, or is about to give, any information in connection with any inquiry

Page 13 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

or proceeding relating to any right provided under this subchapter."

39.

Defendant willfully violated these statutes when it discriminated and/or retaliated against plaintiff due to her exercise of family leave rights under FMLA, suspended and discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

40.

Pursuant to 29 USC § 2617, plaintiff is entitled to her unpaid wages and/or benefits, in an amount to be determined at trial, and actual monetary loss due to defendant' violations, in an amount to be determined at trial.  Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

## FOURTH CLAIM – VIOLATIONS OF OFLA

### Plaintiff Against Princeton Property Management

### (Count 1 –Interference with Family Leave Rights)

41.

Plaintiff incorporates and re-alleges paragraphs 1 through 40 by this reference.  Pursuant to ORS 659A.183, "It is an unlawful practice for a covered employer to (1) deny family leave to which an eligible employee is entitled under ORS 659A.150 to 659A.186."  Defendant willfully violated this statute when it interfered with and/or denied plaintiff the ability to exercise her family leave rights pursuant to OFLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

/ /

/ /

Page 14 of 16– COMPLAINT

42.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial.  Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

**Plaintiff Against Princeton Property Management**

**(Count 2 –Discrimination and Retaliation relating to Exercise of Family Leave Rights)**

43.

Plaintiff incorporates and re-alleges paragraphs 1 through 42 by this reference.  Pursuant to ORS 659A.183, "It is an unlawful practice for a covered employer to (2) Retaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment because the individual has inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for family leave or invoked any provision of ORS 659A.150 to 659A.186."  Defendant willfully violated this statute when it discriminated and/or retaliated against plaintiff due to her exercise of family leave rights under OFLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

44.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial.  Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

/ /

Page 15 of 16– COMPLAINT

## Plaintiff Against Freddy Lunt

### (Count 3 – Aiding and Abetting OFLA Violations)

45.

Plaintiff incorporates and re-alleges paragraphs 1 through 44 by this reference. Pursuant to ORS 659A.030(1)(g), "It is an unlawful employment practice [f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [Chapter 659A] or to attempt to do so." Such acts prohibited under this chapter include interfering with family leave rights, and discrimination and retaliation relating to the exercise of Family Leave Rights. ORS 659A.183.

46.

Lunt willfully violated this statute when she aided and abetted Princeton Property Management in interfering with and/or denying plaintiff's ability to exercise her family leave rights pursuant to OFLA, by exercising her scheduling, hiring, and firing powers in such a manner. Lunt further violated this statute when she aided and abetted Princeton Property Management discriminate and retaliate against plaintiff relating to her exercise of her family leave rights, by exercising her scheduling, hiring, and firing powers in such a manner.

47.

As a result of Lunt's aiding and abetting, plaintiff is entitled to equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

/ /

/ /

Page 16 of 16– COMPLAINT

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief

    A. Count 1 - Equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205.

    B. Count 2 - Equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205.

    C. Count 3 - Equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 USC §§ 1988 and 12205

2. Second Claim for Relief

    A. Count 1 - Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

    B. Count 2 - Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

    C. Count 3 - Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

and punitive damages in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

D. Count 4 – Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

3. Third Claim for Relief

A. Count 1 – Unpaid wages and/or benefits, and actual monetary loss due to defendant's violations, all in an amount to be determined at trial, in addition to her reasonable attorney fees and costs, pursuant to 29 USC § 2617.

B. Count 2 – Unpaid wages and/or benefits, and actual monetary loss due to defendant's violations, all in an amount to be determined at trial, in addition to her reasonable attorney fees and costs, pursuant to 29 USC § 2617.

4. Fourth Claim for Relief

A. Count 1 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

B. Count 2 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

    C.  Count 3 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

DATED this 3rd day of October, 2016.

        */s/ Jon H. Weiner*
Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

Page 19 of 16– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745