Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, *Of Counsel*
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

|  |  |
|---|---|
| TIFFANY REYNOLDS,<br><br>       Plaintiff,<br><br>   v.<br><br>PRINCETON PROPERTY MANAGEMENT, INC., a domestic business corporation; FREDDY LUNT, an individual,<br><br>      Defendants. | Case No. 3:16-cv-01935-YY<br><br>**RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

_____

Plaintiff responds and objects to defendants' motion to dismiss, on the bases set forth below.

**I.  Plaintiff's Complaint should not be dismissed under Fed.R.Civ.P. 4(m).**

Fed.R.Civ.P. 4(m) provides:

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

Page 1 of 4 – RESPONSE TO DEFENDANTS' MOTION TO DISMISS

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

On February 16, 2017, this Court entered issued subpoenas to be served on defendants and ordered "NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5." (*Weiner Decl.* ¶ 2, Ex. 1.) Thus, this Court effectively acted pursuant to Rule 4(m) on February 16th, thereby mooting the issue underlying defendants' motion prior to the date it was filed.

As the plain wording of Rule 4(m) makes clear, this Court was not required to engage in a "good cause" analysis in order to exercise its discretion under the permissive section of the rule. Moreover, even if this Court hadn't acted under Rule 4(m) it would be free to exercise its discretion at any time to do so.

Judge Papak observed earlier this month in *Preuitt v. Oregon Dep't of Corrections*, No. 3:16–cv–00835–PK, 2017 WL 1043300, at *5 (D. Or. March 1, 2017), that District Courts "have broad discretion to extend time for service under Rule 4(m)." As noted by Judge Papak,

> Even if a plaintiff fails to show good cause, however, "'the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.'" *Crowley*, 734 F.3d at 976 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted)); see also *Efaw*, 473 F.3d at 1041 (court may consider factors such as "'a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service'") (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

*Preuitt*, 2017 WL 1043300, at *5.

It is beyond dispute that defendants had notice of this lawsuit.  In fact, review of plaintiff's client file reveals that almost a year prior to the filing of this action defense counsel

Page 2 of 4 – RESPONSE TO DEFENDANTS' MOTION TO DISMISS

agreed to accept service. (*Weiner Decl.* ¶ 3, Ex. 2.) It is also beyond dispute that defendants were eventually served in the final week of February, 2017. (*Weiner Decl.* ¶ 4, Ex. 3; *Weiner Decl.* ¶ 5, Ex. 4.)  Finally, as defendants themselves point out, plaintiff's claims under the Americans with Disabilities Act (ADA) will be time-barred in the event that her Complaint is dismissed.

As a result of the foregoing, it is clear that all three factors discussed by the 9th Circuit in *Efaw* militate against dismissal. This is an appropriate opportunity for this Court to exercise its discretion and allow this matter to move forward under Rule 4(m). Defendants' motion should be denied.

## II.  ADA statute of limitations issues actually weigh against dismissal under Rule 4(m), and provide no support for dismissal with prejudice.

Plaintiff incorporates by reference the argument set forth in Section I. As noted therein, the fact that plaintiff's ADA claims would be time-barred in any refiled action actually weighs *against* dismissal under Rule 4(m).  Four of the decisions cited above – *Crowley, Efaw, Lemoge,* and *Troxell* – all cite this factor as supporting the exercise of a District Court's discretion to allow cases to move forward under Rule 4(m).

In the event that this Court exercises its discretion to allow this matter to move forward, consideration of this aspect of defendants' motion (i.e. – that portion seeking dismissal with prejudice of plaintiff's ADA claim) is obviated.  In the event that this Court dismisses plaintiff's Complaint, the matter can be addressed after this matter is re-filed.  In any event, defendants' motion should be denied.

## III.  Plaintiff states a claim against defendant Lunt for aiding and abetting.

Defendants note that "[t]o survive a motion to dismiss, a complaint cannot merely assert legal conclusions, but instead must set forth facts supporting a plausible claim for relief under

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." Defendants argue that "[t]here are literally no facts alleged in plaintiff's complaint to show that Ms. Lunt aided or abetted anyone in the discrimination allegedly perpetrated against her." (*Weiner Decl.* ¶ 6, Ex. 5.) Defendants are mistaken.

Plaintiff avers in her complaint that "Lunt willfully violated this statute when she aided and abetted Princeton Property Management in its discrimination based on disability, by exercising her hiring and firing power to terminate plaintiff's employment." (*Weiner Decl.* ¶ 7, Ex. 6, ¶ 28.)

This assertion suffices to provide the necessary factual support for plaintiff's aid-and-abet claim against Ms. Lunt.  Ms. Lunt is alleged to have aided-and-abetted the corporate defendant (an entity distinct from Ms. Lunt) via the exercise of her hiring and firing power.  Plaintiff states a claim for aid-and-abet liability against Ms. Lunt under ORS 659A.030(1)(g).  Defendants' motion should be denied.

**IV. Conclusion**

Defendants' motion has been rendered moot by this Court's actions on February 16, 2017. To the extent that the matter has not been rendered moot, defendants' motion should be denied in total via exercise of this Court's discretion under Rule 4(m).

Dated this 30th day of March, 2017.

/s/ Jon Weiner
Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Attorney for Plaintiff

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745