UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TIFFANY REYNOLDS,

        Plaintiff,

  v.

PRINCETON PROPERTY MANAGEMENT,
INC., a domestic business corporation;
FREDDY LUNT, an individual,

        Defendants.

Case No. 3:16-cv-01935-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge:

    Plaintiff Tiffany Reynolds ("Reynolds") has filed a complaint against her former employer, Princeton Property Management, Inc., and its Chief Executive Officer, Freddy Lunt ("Defendants") alleging violations of the Americans with Disabilities Act (First Claim), state disability laws (Second Claim), the Family Medical Leave Act (Third Claim), and the Oregon Family Leave Act (Fourth Claim). Defendants have filed a Motion to Dismiss (ECF #10), which should be GRANTED in part and DENIED in part for the reasons discussed below.

///

///

///

1 – FINDINGS AND RECOMMENDATIONS

**FINDINGS**

**I.     Untimely Service—FRCP 4(m)**

Defendants first contend that Reynolds' complaint should be dismissed because she failed to complete service within 90 days pursuant to FRCP 4(m).[1] Reynolds' filed her complaint on October 20, 2016. The 90-day deadline passed on January 18, 2017, and Reynolds served Freddy Lunt ("Lunt") on February 23, 2017, and Princeton on February 28, 2017.

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* Otherwise stated, "even without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (citing *Sheehan*, 253 F.3d at 513).

"Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,'. . . and includes "omissions caused by carelessness." *Lemoge*, 587 F.3d at 1192 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (citing *Pioneer*, 507 U.S. at 395). The court conducts an equitable analysis examining at least

---

[1] FRCP 4(m) provides in pertinent part:
> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

At the motion hearing, plaintiff's counsel explained that service of the summons and complaint in this case "got lost in the shuffle" because he had new associates who were not familiar with employment law and he mistakenly thought one of the associates had taken care of it. As he explained, "[i]t shouldn't have" happened, "but it did." This falls squarely within the type of "negligence" or "carelessness" encompassed by "excusable neglect." *Lemoge*, 587 F.3d at 1192. Defendants have identified no prejudice resulting from the delay—in fact, defendants' counsel have known of this lawsuit since at least November 5, 2016, when they agreed to accept service on behalf of defendants. ECF 13-2, at 1. Also, the delay in serving the defendants was short—only four to five weeks—such that it has had little if any effect on the proceedings. On the other hand, if this case is dismissed, the effect on Reynolds would be monumental, as she would barred from refiling her claims because the statute of limitations has passed. *See id.* at 1198 ("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."). When the four *Lemoge* factors are examined, equity favors extending the time for service based on excusable neglect. Accordingly, defendants' motion should be dismissed to the extent they seek to dismiss the entire complaint.

## II. Failure to File Timely State Law Claims

Defendants also contend that Reynolds' state law claims must be dismissed with prejudice because she did not file her complaint within 90 days of the date BOLI issued its right-

3 – FINDINGS AND RECOMMENDATIONS

to-sue letter. Under ORS 659A.875(2),[2] Reynolds was required to file her complaint within 90 days of the date the letter was mailed. BOLI issued its letter on July 6, 2016 (ECF #11-1), but Reynolds did not file her complaint until 106 days later on October 20, 2016.

Reynolds concedes that her state law claims are time barred for failure to comply with ORS 659A.875(2). Accordingly, the state law claims should be dismissed. *See Riggs v. Ferrellgas, Inc.*, No. 1:06-cv-3072-CO, 2006 WL 3499188, at *2 (D. Or. Nov. 3, 2006) (dismissing Oregon discrimination claims with prejudice because plaintiff failed to file lawsuit within 90 days of the mailing of the right-to-sue letter), findings and recommendation adopted (D. Or. Nov. 29, 2006).

### III. Aiding and Abetting Claims Against Freddy Lunt

Plaintiff has alleged claims against Lunt on an aiding and abetting theory. At oral argument, plaintiff conceded that all claims against Lunt should be dismissed because she could not have aided and abetted herself. *See Hannan v. Bus. Journal Publ'ns, Inc.*, No. 3:14-cv-00831-SB, 2015WL 9265959, at *18 (D. Or. Oct. 2, 2015) (granting summary judgment because bad actor cannot aid and abet himself), findings and recommendation adopted, No. 3:14-cv-00831-SB, 2015 WL 7720496 (D. Or. Nov. 30, 2015). Accordingly, any claims against Lunt should be dismissed.

### **RECOMMENDATIONS**

For the reasons discussed above, defendants' motion to dismiss (ECF #10) should be:

(1) DENIED to the extent defendants seek dismissal of all claims without prejudice under FRCP 4(m);

---

[2] ORS 659.875(2) provides in pertinent part: "A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880."

(2) GRANTED as to all state law claims; and

(3) GRANTED as to all claims against Defendant Lunt.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, June 28, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED June 14, 2017.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge